(38 South. 554.)

No. 15,584.

Succession of GLANCEY.

(May 8, 1905.)

### DATIVE TESTAMENTARY EXECUTOR—APPOINTMENT.

Where the widow, as survivor in community, holds in usufruct all the property of the succession, and there are no debts except some court costs, which the attorney of the succession has promised to pay, with which promise the officers declare themselves to be satisfied, and there is but one legacy, which has not to be paid, owing to the fact that the legatee lives with the widow and is unwilling that it should be paid before the death of the widow, the demand for the appointment of a *dative testamentary executor* is properly rejected by the lower court as being unnecessary.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; John St. Paul, Judge.

In the matter of the succession of Owen Glancey. From an order rejecting a judgment for testamentary executor, Thomas Glancey and others, opponents, appeal. Affirmed.

See 112 La. 430; 36 South. 483.

Theodore Cotonio, for appellants Thomas Glancey and others. McCloskey & Benedict, for appellee Mrs. Owen Glancey.

PROVOSTY, J. The widow, as survivor in community, holds in usufruct all the property of the succession. There are no debts, except some court costs, which the attorney of the succession has promised to pay, with which promise the officers declare themselves to be satisfied. There is but one legacy, and it has not to be paid, owing to the fact that the legatee lives with the widow and is unwilling that it should be paid before the death of the widow.

Under these circumstances, the lower court properly rejected the demand for the appointment of a dative testamentary executor, as being unnecessary.

Judgment affirmed.